EDWIN SYMONS v. CHOSEN FREEHOLDERS OF WARREN.

Argued November 5, 1915—Decided March 6, 1916.

It was not negligence for a board of chosen freeholders, while repairing a culvert across a public highway, to guard the new work by placing planks across the highway on each side of the culvert. On the contrary, the placing of such temporary barriers was a duty which the board owed to the traveling public. *Freeholders v. Hough*, 55 *N. J. L.* 628, followed.

On appeal from the Warren Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff, *Harlan Besson.*

For the defendant-appellant, *John H. Dahlke.*

The opinion of the court was delivered by

SWAYZE, J. The defendant undertook to repair a small culvert across the highway. It is conceded that it is a bridge within the meaning of the statute and the decisions in *McKinley v. Chosen Freeholders of Union*, 29 *N. J. Eq.* 164, and

*Whitall* v. *Freeholders of Gloucester,* 40 *N. J. L.* 302. The repairs consisted of replacing the old concrete cover of the culvert with a new one. The workmen placed planks across the highway as a guard on each side of the culvert. There was evidence from which it might be inferred that the construction was not lighted at night. The highway was a country road where there was little travel. The plaintiff, traveling the highway in the darkness, collided with the planks and was injured. It is not claimed that the failure to light was a neglect to erect, rebuild or repair the bridge for which a right of action is given by the act of 1860. *Comp. Stat., p.* 304, *pl.* 9. The plaintiff rested his case upon the theory that the obstruction of the highway by planks was active wrong-doing for which the defendants were liable under the rule of *Hart* v. *Freeholders of Union,* 57 *N. J. L.* 90, and *Kehoe* v. *Rutherford,* 74 *Id.* 659, and the judge submitted the case to the jury on that theory. With this view we cannot agree. So far from its being wrong to guard the new work until the culvert was in condition to use, we think it was only what is ordinarily and necessarily done when a highway or bridge is repaired. *Freeholders* v. *Hough,* 55 *Id.* 628.

Whether or not the plaintiff has a right of action against anyone for failure to light the obstruction is a question not now presented.

The judgment must be reversed, to the end that there may be a new trial.